ERDMANN, Judge,
with whom EFFRON, Chief Judge,
joins (concurring in part and dissenting in part):
I agree with the majority’s analysis and conclusion that the false information in the affidavit was provided with reckless disregard for the truth. I also agree with the majority’s treatment of the difference in language between Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and United States v. Gallo, 55 M.J. 418 (C.A.A.F. 2001), as to the proper appellate analysis of a search warrant affidavit that has been found to contain false information. I respectfully disagree, however, with the majority’s conclusion that after removing the false information from the affidavit there remained a substantial basis to find probable cause. I would further find that the “good faith” exception does not apply under these circumstances and would reverse the United States Air Force Court of Criminal Appeals and set aside Specification 2 of the Charge.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court returned to a “totality-of-the-eircum-stances” analysis for reviewing probable cause determinations:
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... [concluding]” that probable cause existed.
Gates, 462 U.S. at 238-39, 103 S.Ct. 2317 (alterations in original) (quoting Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (I960)).
Where an affidavit has been found to contain false information, once that information has been removed, this court:
broadly bifurcates the review of a magistrate’s determination into two “closely intertwined” analyses: first, we examine the facts known to the magistrate at the time of his decision, and second, we analyze the manner in which the facts became known to the magistrate. Thus, while the initial inquiry rightly centers on the evidence as set out in the four corners of the requesting affidavit, this evidence “may [then be] usefully illuminat[ed]” by factors such as the “veracity,” “reliability” and “basis of knowledge” of the individual presenting the evidence.
United States v. Leedy, 65 M.J. 208, 214 (C.A.A.F.2007) (alterations in original) (citations omitted).
The United States Court of Appeals for the Tenth Circuit recently provided a useful discussion of these concepts in United States v. Quezadar-Enriquez, 567 F.3d 1228 (10th Cir.2009), cert. denied — U.S. -, 130 S.Ct. 427, 175 L.Ed.2d 292 (2009):
Veracity concerns whether there is reason to believe that the informant is telling the truth, see [Gates] at 227, 103 S.Ct. 2317; United States v. Tuter, 240 F.3d 1292, 1297 (10th Cir.2001), including whether he faces criminal charges or whether his statement is against his own penal interest. “[W]hen there is sufficient independent corroboration of an informants information, there is no need to establish the veracity of the informant.” United States v. Artez, 389 F.3d 1106, 1111 (10th Cir.2004). Reliability determinations entail inquiry into whether the informant has provided accurate information in the past. United States v. Corral, 970 F.2d 719, 727 (10th Cir.1992); see also Gates, 462 U.S. at 243-44, 103 S.Ct. 2317. As for basis of knowledge, a firsthand observation is entitled to greater weight than secondhand information. Tuter, 240 F.3d at 1297-98. Thus, when the informants basis of knowledge is not described on the face of the affidavit, we look to whether the information “contained a range of details relating not just to easily obtained facts and conditions ex *396 isting at the time of the tip, but to future actions of third parties ordinarily not easily predicted.” Gates, 462 U.S. at 245, 103 S.Ct. 2317. We look for “the kind of highly specific or personal details from which one could reasonably infer that the [informant] had firsthand knowledge about the claimed criminal activity.” Tuter, 240 F.3d at 1298; see also Florida v. J.L., 529 U.S. 266, 271, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (explaining that the provision of accurate “predictive information” can indicate either veracity or basis of knowledge).
567 F.3d at 1233 (second and third alterations in original).
The facts included in the affidavit that were attributed to the informant included: an allegation of use of marijuana in the residence by the tenants; the use involved less than forty grams of marijuana and also involved a glass “bong”; the informant had smelled marijuana in the residence over the course of 2006, the last time being in December 2006; and the informant had seen marijuana in sandwich baggies on three occasions in December, 2006. The corroborating facts supplied by Det. Krause in the affidavit, independent of the informant, included: Det. Krause drove by the residence and the description matched the one provided by the OSI agent; Det. Krause determined that there had been eight loud party complaints for the residence in 2006; and the OSI had obtained a urinalysis from one of the tenants which came back positive for marijuana.
In regard to the “veracity,” “reliability,” and the “basis of knowledge” of the informant, the only reference in the affidavit to any of these factors was Det. Krause’s secondhand allegation that the OSI agent informed him that the informant was “deemed reliable.” There is nothing in the affidavit which supports or explains that bare conclu-sory statement. There is no information specifically provided in the affidavit that would establish that this informant was telling the truth. There is nothing about the informant’s background or whether he or she had provided accurate information in the past. Without more information, a mere conclusory statement that the informant is “deemed reliable” is an inadequate basis to determine probable cause.[1] See Gates, 462 U.S. at 239, 103 S.Ct. 2317.
This inadequacy in the affidavit as to the veracity, reliability, and basis for the informant’s knowledge was obviously recognized by the magistrate, a Washington state Superior Court judge, when he asked Det. Krause what information from the informant had been corroborated. In response to this inquiry, Det. Krause erroneously informed the judge that the positive urinalysis was conducted based on information from the informant. As a result of that conversation the magistrate asked Det. Krause to add language to the affidavit that the urinalysis had been conducted based on the informant’s information.[2]
While the informant did allege the presence of and use of marijuana in the residence, the specific allegations of the use of a glass “bong” and sandwich baggies do not add significant support to the totality-of-the-circumstances analysis. It is common knowledge that marijuana is kept and distributed in sandwich baggies and that “bongs” are used to ingest marijuana smoke. These are details that relate to easily obtained facts and conditions rather than individualized allegations such as the specific date, time, circumstances, and the names of those present when marijuana was used or possessed.
It is true that where an affidavit does not reflect evidence of the veracity of an informant, that deficiency can be offset where there is sufficient independent corroborating evidence. Quezada-Enriquez, 567 F.3d at *397 1233. The additional facts alleged by Det. Krause, however, provided little corroboration. While he did corroborate the address that was provided to him by the OSI agent by driving by the residence, that again is easily obtained information. The information concerning loud party complaints adds little to a totality-of-the-circumstances analysis for a search warrant for possession of marijuana. The positive urinalysis does constitute evidence that someone then living at the residence had used marijuana sometime in the past, but its inclusion in the affidavit is diminished by a lack of explanation as to the circumstances of the test and its proximity in time to the search warrant application.
The Government argues that the information from the informant was corroborated by the results of the urinalysis and that the specific detailed information provided by the informant and corroborated by Det. Krause overcomes the lack of information concerning the reliability of the informant. While I recognize that a determination of probable cause by a neutral and detached magistrate is entitled to substantial deference,[3] in this case we are determining whether the affidavit, after excluding the false information, would have provided a substantial basis for determining probable cause. In this case it does not.
The limited factual information presented to the magistrate, combined with the almost total lack of any information as to the informant’s veracity, reliability, and basis of knowledge, is not overcome by the limited corroboration provided by Det. Krause. This record simply does not support a “substantial basis” for determining that probable cause existed.
If a search warrant affidavit lacks probable cause, the evidence obtained as the result of the warrant may still be admissible under the “good faith” exception established in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and recognized in Military Rule of Evidence 311(b)(3). The "good faith” exception applies “where the official executing the warrant relied on the magistrate’s probable cause determination and the technical sufficiency of the warrant, and that reliance was ‘objectively reasonable.’ ” Carter, 54 M.J. at 419 (citing Leon, 468 U.S. at 922, 104 S.Ct. 3405).
In Leon the Supreme Court also recognized four circumstances where the “good faith” exception would not apply.[4] The first of those circumstances involve a “false or reckless affidavit.” There is no division of opinion in this case that the information added to the affidavit in response to the magistrate’s request for corroboration of the informant’s allegations was provided with reckless disregard for the truth.
In United States v. Leon, the Supreme Court explained that the Fourth Amendment itself does not expressly require excluding evidence that was obtained in violation of its command. Rather, the exclusionary rule operates as a “judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.” 468 U.S. at 906[, 104 S.Ct. 3405] (citation and quotation marks omitted). Use of the exclusionary rule is to prevent further police misconduct in other cases, not to compensate the individual whose Fourth Amendment rights were violated or to punish the errors of judges and magistrates. 468 U.S. [at] 906, 916[, 104 S.Ct. 3405].
Leedy, 65 M.J. at 219-20 (C.A.A.F.2007) (Erdmann, J., concurring).
Having found that the information added to the affidavit was done so in reckless disregard for the truth, the “good faith” exception does not apply. I would therefore reverse the decision of the United States Air Force *398 Court of Criminal Appeals and set aside the finding of guilty to Specification 2 of the Charge. In light of the sentence received by Cowgill and the fact that he would remain convicted of use of cocaine and possession of marijuana, I would affirm the sentence.

. The record reflects that the OSI agent had much of this information, but it ultimately did not find its way into the affidavit.

. Det. Krause added and initialed the phrase to the affidavit "Based upon the source's information + ” as a preface to the allegation that "OSI obtained a urinalysis from one of the two named subjects that came back positive for the presence of marijuana.” In reviewing probable cause determinations, courts must look at the information made known to the authorizing official at the time of his decision. United States v. Carter, 54 M.J. 414, 418 (C.A.A.F.2001) (citing United States v. Cunningham, 11 M.J. 242, 243 (C.M.A.1981)).

. Carter, 54 M.J. at 419.

. The four circumstances identified in Leon where the "good faith” exception does not apply are where there is: (1) a false or reckless affidavit; (2) a lack of judicial review; (3) a facially deficient affidavit; and (4) a facially deficient warrant. Carter, 54 M.J. at 419.